IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JOSHUA GARRETT, individually and on behalf of other similarly situated, | * * * | |
| Plaintiff, | * * | |
| VS. | * * | CASE NO. 1:09-cv-325 Collective Action |
| EXCEPTIONAL PERSONNEL, INC. and D. A. TECHNOLOGIES, INC., | * * * | |
| Defendants. | * | |

## D. A. TECHNOLOGIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, D. A. TECHNOLOGIES, INC., a named defendant in the above-styled civil action, and hereby files this its Answer and Affirmative Defenses to plaintiff's Amended Complaint, and shows the Court as follows:

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state or set forth claims against this defendant upon which relief can be granted.

### SECOND DEFENSE

As a Second Defense, this defendant answers the numbered paragraphs of plaintiff's Amended Complaint as follows:

# I. THE PARTIES

1.

This defendant can neither admit nor deny the allegations contained in paragraph 1 of plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

2.

This defendant can neither admit nor deny the allegations contained in paragraph 2 of plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

3.

This defendant can neither admit nor deny the allegations contained in paragraph 3 of plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

4.

This defendant can neither admit nor deny the allegations contained in paragraph 4 of plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

5.

This defendant can neither admit nor deny the allegations contained in paragraph 5 of plaintiff's Amended Complaint for want of sufficient information to

form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

6.

This defendant admits that D. A. Technologies, Inc. is a Georgia corporation doing business in Hamilton County, Tennessee.

7.

This defendant denies the allegations contained in paragraph 7 of plaintiff's Amended Complaint.

8.

Paragraph 8 of plaintiff's Amended Complaint is a statement and does not require a response from this defendant. In the event a response is required from this defendant, defendant specifically denies such allegations.

## II. NATURE OF THE ACTION

9.

This defendant denies in the form and manner alleged the allegations contained in paragraph 9 of plaintiff's Amended Complaint.

10.

Paragraph 10 of plaintiff's Amended Complaint is a statement and does not require a response from this defendant. In the event a response is required from this defendant, defendant specifically denies such allegations.

## III. JURISDICTION

11.

This defendant can neither admit nor deny the allegations contained in paragraph 11 of plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

12.

This defendant denies in the form and manner alleged the allegations contained in paragraph 12 of plaintiff's Amended Complaint.

## IV. FACTUAL BASES OF PLAINTIFF'S CLAIMS

13.

This defendant denies in the form and manner alleged the allegations contained in paragraph 13 (and any and all subsets) of plaintiff's Amended Complaint.

14.

This defendant denies in the form and manner alleged the allegations contained in paragraph 14 of plaintiff's Amended Complaint.

15.

This defendant denies in the form and manner alleged the allegations contained in paragraph 15 of plaintiff's Amended Complaint.

16.

This defendant denies in the form and manner alleged the allegations contained in paragraph 16 of plaintiff's Amended Complaint.

17.

This defendant denies in the form and manner alleged the allegations contained in paragraph 17 of plaintiff's Amended Complaint.

18.

This defendant denies in the form and manner alleged the allegations contained in paragraph 18 of plaintiff's Amended Complaint.

19.

This defendant denies in the form and manner alleged the allegations contained in paragraph 19 of plaintiff's Amended Complaint.

20.

This defendant denies in the form and manner alleged the allegations contained in paragraph 20 of plaintiff's Amended Complaint.

21.

This defendant denies in the form and manner alleged the allegations contained in paragraph 21 of plaintiff's Amended Complaint.

22.

This defendant denies in the form and manner alleged the allegations contained in paragraph 22 of plaintiff's Amended Complaint.

23.

This defendant can neither admit nor deny the allegations contained in paragraph 23 of plaintiff's Amended Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

24.

This defendant denies in the form and manner alleged the allegations contained in paragraph 24 of plaintiff's Amended Complaint.

25.

This defendant denies in the form and manner alleged the allegations contained in paragraph 25 of plaintiff's Amended Complaint.

26.

This defendant denies in the form and manner alleged the allegations contained in paragraph 26 of plaintiff's Amended Complaint.

27.

This defendant denies in the form and manner alleged the allegations contained in paragraph 27 of plaintiff's Amended Complaint.

28.

This defendant denies in the form and manner alleged the allegations contained in paragraph 28 of plaintiff's Amended Complaint.

29.

This defendant admits that on or about the beginning of 2008, the defendants ended their business relationship.

30.

This defendant denies in the form and manner alleged the allegations contained in paragraph 30 of plaintiff's Amended Complaint.

31.

This defendant denies in the form and manner alleged the allegations contained in paragraph 31 of plaintiff's Amended Complaint.

32.

This defendant denies in the form and manner alleged the allegations contained in paragraph 32 of plaintiff's Amended Complaint.

33.

This defendant denies in the form and manner alleged the allegations contained in paragraph 33 of plaintiff's Amended Complaint.

34.

This defendant denies in the form and manner alleged the allegations contained in paragraph 34 of plaintiff's Amended Complaint.

35.

This defendant denies in the form and manner alleged the allegations contained in paragraph 35 of plaintiff's Amended Complaint.

36.

This defendant denies in the form and manner alleged the allegations contained in paragraph 36 of plaintiff's Amended Complaint.

37.

This defendant denies in the form and manner alleged the allegations contained in paragraph 37 of plaintiff's Amended Complaint.

38.

This defendant denies in the form and manner alleged the allegations contained in paragraph 38 of plaintiff's Amended Complaint.

39.

This defendant denies in the form and manner alleged the allegations contained in paragraph 39 of plaintiff's Amended Complaint.

40.

This defendant denies in the form and manner alleged the allegations

CHD-537850-1

Case 1:09-cv-00325   Document 23   Filed 02/09/10   Page 8 of 13

contained in paragraph 40 of plaintiff's Amended Complaint.

## V. CAUSES OF ACTION

41.

This defendant denies in the form and manner alleged the allegations contained in paragraph 41 of plaintiff's Amended Complaint.

42.

This defendant denies the allegations contained in paragraph 42 of plaintiff's Amended Complaint.

43.

This defendant denies the allegations contained in paragraph 43 of plaintiff's Amended Complaint.

44.

This defendant denies the allegations contained in paragraph 44 of plaintiff's Amended Complaint.

## VI. PRAYER FOR RELIEF

45.

This defendant denies the allegations contained in paragraph 45 of plaintiff's Amended Complaint.

46.

This defendant denies the allegations contained in the Prayer for Relief section of plaintiff's Amended Complaint and all subsections contained therein.

47.

All other allegations contained in plaintiff's Amended Complaint not specifically responded to are hereby denied.

### THIRD DEFENSE

This defendant asserts each affirmative defense set out in Rule 8 of the Federal Rules of Civil Procedure to the extent applicable and developed by the evidence in discovery.

### FOURTH DEFENSE

At all times this defendant has made a good faith effort to comply with all relevant provisions of the FLSA and any other pertinent regulations regarding its employees.

### FIFTH DEFENSE

Plaintiff was not an employee of this defendant during the time period relevant to this action.

### SIXTH DEFENSE

Any actions of this defendant with regard to plaintiff have been taken in good faith. As such, plaintiff is not entitled to liquidated damages.

## SEVENTH DEFENSE

This defendant has not knowingly, willfully, or recklessly violated the FLSA or other pertinent federal regulations regarding plaintiff or any of this defendant's employees.

## EIGHTH DEFENSE

Plaintiff may have failed to mitigate damages as required by law.

## NINTH DEFENSE

To the extent plaintiff seeks compensatory damages in this matter, the sum of such damages is limited as prescribed by law.

## TENTH DEFENSE

To the extent as may be shown by the evidence through discovery, this defendant asserts that the matters in question and plaintiff's damages, if any, were caused by acts and/or failures to act of persons other than this defendant.

## ELEVENTH DEFENSE

This defendant asserts any and all applicable exemptions from overtime available under the Fair Labor Standards Act.

WHEREFORE, having fully answered the allegations of plaintiff's Amended Complaint, this defendant respectfully prays that plaintiff's Amended Complaint be dismissed and that all costs of said action be taxed against plaintiff.

**DEFENDANT DEMANDS TRIAL BY JURY**

Respectfully submitted, this 9th day of February, 2010.

                                HUSCH BLACKWELL SANDERS LLP

                                s/Philip B. Byrum_____
                                Philip B. Byrum
                                Tennessee Bar No. 020360
736 Georgia Avenue, Suite 300       *Local Counsel for Defendant*
Chattanooga, TN 37402              *D. A. Technologies, Inc.*
(423) 266-5500

                                CRUSER & MITCHELL, LLP

Meridian II, Suite 2000
275 Scientific Drive                  s/William T. Mitchell_____
Norcross, Georgia 30092            William T. Mitchell
(404) 881-2622                        Georgia Bar No. 513810
                                Jennifer G. Cowart
                                Georgia Bar No. 191612
                                *Trial Attorneys for Defendant*
                                *D. A. Technologies, Inc.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed **D. A. TECHNOLOGIES, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

| | |
|---|---|
| Frank P. Pinchak, Esq.<br>Donna J. Mikel, Esq.<br>Doug S. Hamill, Esq.<br>Burnette, Dobson & Pinchak<br>713 Cherry Street<br>Chattanooga, TN 37402<br>*Attorneys for Plaintiff* | Robert L. Bowman, Esq.<br>Kramer Rayson, LLP<br>P. O. Box 629<br>Knoxville, TN 37901-0629<br>*Attorneys for Exceptional Personnel, Inc.* |

This 9th day of February, 2010.

HUSCH BLACKWELL SANDERS LLP

s/Philip B. Byrum_____
Philip B. Byrum
Tennessee Bar No. 020360
*Local Counsel for Defendant*
*D. A. Technologies, Inc.*

736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
(423) 266-5500